Bruce K. Warren, Esq.
Warren Law Group, P.C.
58 Euclid Street
Woodbury, NJ 08096
856-848-4572
856-324-9081(fax)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JONATHAN BROUGHMAN | : | |
| | : | |
| Plaintiff | : | Civil Action No. 12-CV-1318 |
| | : | |
| CHIARI & ILECKI, LLP | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"). Plaintiff brings this action to recover damages for himself and to enjoin Defendant's unlawful conduct.

The Fair Debt Collection Practices Act 15 U.S.C.S. § 1692 et seq., regulates and restricts the acquisition of information about debtors. 15 U.S.C.S. §§ 1692b, 1692c. It further prohibits conduct whose natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C.S. § 1692d. And it bars the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, 15 U.S.C.S. §

1692e, while proscribing unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C.S. § 1692f.

This action seeks redress for the illegal practices of the Defendant.

**STATEMENT OF FACTS**

Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).  The acts of Chiari & Ilecki, LLP (C&I) alleged herein were performed by its employees acting within the scope of their actual or apparent authority.  *See Complaint at para. 5-7.*

On or about February 9, 2011, on behalf of their client, Defendant prepared and filed a summons in New York State Supreme Court, County of Erie, naming Plaintiff as a defendant in an action based upon a consumer credit transaction (the "State Court Summons").  A copy of the State Court Summons is attached as Exhibit A to Plaintiff's Complaint. See Complaint para. 12.

The State Court Summons provides that the action is based upon a "consumer credit transaction" and that it is "an attempt to collect a debt by a debt collector".   In the complaint that accompanied the State Court Summons, Defendant alleges that Plaintiff failed to comply with a contractual obligation.  A copy of the State Court Complaint is attached as Exhibit B to Plaintiff's Complaint.

The State Court Summons provides, in relevant part that, "[i]f [Plaintiff] do[es] not respond to the attached Complaint within the applicable time limitation stated above a judgment will be entered against you, by default, for the relief demanded in the Complaint ***without further notice to you***."  (Emphasis added).  See Complaint at para. 17.

New York Civil Practice Law and Rules ("CPLR") 3215(g)(3) provides, in relevant part, "[w]hen a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted

that *additional notice has been given* by or on behalf of the plaintiff at least twenty days before the entry of such judgment . . . ." (Emphasis added). CPLR 3215(g)(3) makes the State Court Summons prepared by the Defendant false and misleading. The State Court Summons also threatens action that cannot legally be taken and as such is a violation of the FDCPA.

**ARGUMENT**

    **Standard of Review**

Under the Federal Rules of Civil Procedure, the Plaintiff's Complaint must set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief, and giving Defendant fair notice of what the claim is and the grounds upon which it rests. In deciding a Rule 12(c) motion courts in the Second Circuit employ the same standard applicable to dismissals under Rule 12(b)(6) motions.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Legal conclusions in the complaint must be supported by factual allegations, that when accepted as true, state a facially plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 544, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). *Compare Wyler Summit P'shp. v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir.1998) ("[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party" *with Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.").

When well-pleaded factual allegations exist, the courts should assume their truth and then determine if they "plausibly give rise to an entitlement of relief." *Ashcroft,* 129 S.Ct. at 1950. While this standard does not demand more detailed factual allegations, a Plaintiff is required to provide grounds for his entitlement to relief which must be shown by more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1949.

A reviewing court should use a two-step analysis when determining if a complaint is properly sufficient.  The first step is for the court to determine if there is well-plead factual allegations contained in the complaint.  *Id.*  Recitation of the elements required for a cause of action supported by only "conclusory statements" do not amount to well-plead factual pleadings. *Id.* The second step is to determine if a complaint, surviving the first step, states a plausible claim for relief. *Id.* This determination must be made by the reviewing court, using its own "judicial experience and common sense." *Id.*  A motion to dismiss should be granted only if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" because the complaint has only alleged and not shown that the Plaintiff is entitled to relief. *Id.* If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The FDCPA provides, in part, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f; s*ee also Riordan v. Jaburg &*

*Wilk, P. C.,* 2010 WL 3023292, (D.Ariz.2010). The FDCPA does not define "unfair" nor "unconscionable," but it does enumerate several practices that are disapproved by the statute. *Id.* The FDCPA does lists eight specific violations "without limiting the general application" of the statute. *Id.* As such, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *Riordan*, 2010 WL 3023292, (*citing McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 763-64 (7th Cir.2006); *see also Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1176 (9th Cir.2006) (Remedial nature of FDCPA requires liberal construction by the courts.).  The concept of unfairness is broadly construed to preclude practices that offend public policy, are immoral or oppressive, or cause substantial injury. *F.T.C. v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). The concept of unconscionability is similarly vague and varies by jurisdiction, with Williston generally portraying the concept as, "circumstances [which] indicate a vast disparity of bargaining power coupled with terms unreasonably favorable to the stronger party." 8 Williston on Contracts § 18:11 (4th ed).

In applying the above standards to the instant matter, the Court should deny the relief requested and the Defendant should be required to answer for its conduct.

**A. The Language Used By Defendant in the Summons Does Violate the FDCPA.**

The law is technical, it is formulated and drafted by committee and approved and passed by the legislature.  The defendant argues that it should not be held to a technical law; that defies not on our standard of justice it defies common sense.

<u>1-3 A Default Judgment May Not Be Entered Unless the Defendant Receives "Additional Notice"; A Default Judgment Under 3215(g)(3)(ii) Could Not Have Been Taken Against Plaintiff; and The Plaintiff Did Not Receive A Second Copy of the Summons in the Underlying State Court Action</u>

Using the Defendant's own argument as cited in its brief: "The plaintiff is correct that CPLR§3215(g)(3)(i) requires "additional notice" to be mailed before a default judgment can be entered based on a non-appearance of a natural person in an action for failure to pay a contractual debt."

The statute reads in pertinent part:

**(g) Notice.** 1. Except as otherwise provided with respect to specific actions, whenever application is made to the court or to the clerk, any defendant who has appeared is entitled to at least five days' notice of the time and place of the application, and if more than one year has elapsed since the default any defendant who has not appeared is entitled to the same notice unless the court orders otherwise. The court may dispense with the requirement of notice when a defendant who has appeared has failed to proceed to trial of an action reached and called for trial.

2. Where an application for judgment must be made to the court, the defendant who has failed to appear may serve on the plaintiff at any time before the motion for judgment is heard a written demand for notice of any reference or assessment by a jury which may be granted on the motion. Such a demand does not constitute an appearance in the action. Thereupon at least five days' notice of the time and place of the reference or assessment by a jury shall be given to the defendant by service on the person whose name is subscribed to the demand, in the manner prescribed for service of papers generally.

**3. (i) When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt. In the event such mailing is returned as undeliverable by the post office before the entry of a default judgment, or if the place of residence of the defendant is unknown, a copy of the summons shall then be mailed in the same manner to the defendant at the defendant's place of employment if known; if neither the place of residence nor the place of employment of the defendant is known, then the mailing shall be to the defendant at his last known residence.**

*(ii) The additional notice may be mailed simultaneously with or after service of the summons on the defendant. An affidavit of mailing pursuant to this paragraph shall be executed by the person*

*mailing the notice and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant to receive the additional notice shall not preclude the entry of default judgment.*

(iii) This requirement shall not apply to cases in the small claims part of any court, or to any summary proceeding to recover possession of real property, or to actions affecting title to real property, except residential mortgage foreclosure actions. (Emphasis added)

The Defendant argues with eloquence that subjection (ii) relieves the obligation for the additional notice. The argument is not inaccurate generally; however, it is not accurate in this matter. The Defendant never sent the simultaneous õadditional noticeö with or after the service of the summons and complaint. As such the wording on the summons is false and threatens an action that cannot legally be taken against the Plaintiff. Even if they had subsequently sent the õadditional noticeö, the language on the State Court Summons was threatening an illegal action.

The substance of paragraph 3 of CPLR 3215(g) was originally contained as an unnumbered last paragraph in CPLR 308, put there in 1977, but was deleted from that provision in 1986 and re-enacted and clarified as a new paragraph 3 of CPLR 3215(g). The provision requires that additional notice--additional, that is, to the usual service of the summons by a prescribed method--be given by mail to a natural person defendant in a money action in contract (not tort) before a default judgment can be taken against that person for failure to appear. The provision is designed to assure yet another notice to defendants in consumer cases, but it applies to all money actions based on contract, large or small. *See McKinney's CPLR § 3215*

Purpose of rule governing notice which must be sought prior to entry of default judgment is to give a defaulting defendant additional notice of the action before a judgment can be entered; added notice affords a defaulting defendant an opportunity to assert a good excuse and meritorious defense or valid jurisdictional objection in order to have a default vacated and avoid

entry of judgment. *342 Madison Ave. Associates Ltd. Partnership v. Suzuki Associates, Ltd.,* 2001, 187 Misc.2d 488, 722 N.Y.S.2d 729.

Additional mailing that must be made before default judgment may be entered in contract action is intended to provide additional notice, as supplement to that which may have been provided by service of process. Failure to provide additional mailing of notice that must be made before default judgment may be entered in contract action simply prevents entry of default judgment and does not require dismissal of the action. *Palais Partners v. Vollenweider*, 1997, 173 Misc.2d 8, 660 N.Y.S.2d 272.

As alleged in the complaint, the Defendant threatened a judgment without further notice; that is not possible under the current state of New York law.

### B. The Language in the Summons is a Material Violation of the FDCPA.

1. <u>There is a Materiality Requirement for Violations of the FDCPA that Are Based on False or Deceptive Statements</u>

Plaintiff agrees with the analysis of materiality presented by the Defendant under the above subsection. The case law cited is accurate and controlling. However, the statement in the summons was in fact material as more fully described below.

2. <u>The Statement in the Summons is a Material Violation of the FDCPA.</u>

Generally, §1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e also provides a non-exhaustive list of "conduct" that satisfies this general prohibition. With one exception, that list involves particular types of false or misleading representations from the debt collector. Although Congress did not expressly require that any

violation of § 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material misrepresentations.

For example, analyzing an alleged violation of § 1692e(2), which prohibits a "false representation of the character, amount, or legal status of any debt," the Seventh Circuit reasoned that the Act "is designed to provide information that helps consumers to choose intelligently," and thus held that because "[a] statement cannot mislead unless it is material, ... a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757–58 (7th Cir.2009); *see also Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir.2010); *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596 (6th Cir.2009).

The representation in the instant matter is material in that it is the Defendant's method of intimidating and coercing payment from the Plaintiff. This is not a distinction between the color of paper as Judge Easterbook illustrated. This is a statement in a legal pleading filed against the Plaintiff that is false. The statement by the Defendant threatens to take an action against the Plaintiff that it cannot legally take. There is no legitimate purpose for such a statement.

   a. The Statement Would Mislead the Unsophisticated Consumer; and
   b. The FDCPA Discourages and Punishes Debt Collectors for Violations, Intentional or Unintentional.

The Court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir.2004). The Court should "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Id.* The least sophisticated consumer standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability

for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir.1997).

The unsophisticated consumer standard "serves the same purposes and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Id.* In the matter at hand the Plaintiff was served a summons with a material misrepresentation.

Unfortunately for the Defendant, the FDCPA contains no scienter requirement. Rather, it imposes liability on "any debt collector who fails to comply with any provision" of the Act. 15 U.S.C. § 1692k(a); *see also id.* § 1692k(b) (directing courts to consider whether the "debt collector's noncompliance was intentional" in assessing "the *amount* of liability" (emphasis added)). In other words, as a number of circuits have held, the FDCPA "imposes liability without proof of an intentional violation." *See Allen ex rel. Martin v. LaSalle Bank, N.A.,* 629 F.3d 364, 368 (3d Cir.2011); *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir.2010); *Donohue,* 592 F.3d at 1030; *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2d Cir.2010); *Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir.2009).

The Act does contain an affirmative defense, however. Under 15 U.S.C. § 1692k(c), a debt collector can escape liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Such a "bona fide error" defense is one that a defendant must prove. *See Johnson v. Riddle,* 305 F.3d 1107, 1121 (10th Cir.2002) (holding that defendant "carries the burden of proving" the "affirmative defense"); *see also Sayyed,* 485 F.3d at 232 (describing § 1692k(c) as "offer[ing] a kind of qualified immunity to

debt collectors"). Certainly, the defendant in this case will have the opportunity to do so at trial.

The Defendant's Motion to Dismiss has a consistent theme of "no harm no foul" argument. That is not the type of defense of the FDCPA dictates. The FDCPA conveys strict liability on a debt collector such as the Defendant, for violations including but not limited to threatening to take an action it cannot legally take.

## II.   THIS LAWSUIT IS PROCEDURALLY CORRECT

### A. The Statute of Limitations Did Not Expire Prior to Filing Suit.

This claim is based upon a false and misleading communication. The communication cannot be made until it is communicated to the Plaintiff. At paragraph 16 of Plaintiff's Complaint it indicates Plaintiff was served on 2/16/2011. The cause of action could not have possibly arisen until that date. The instant matter is based on the communication not the underlying suit.

### B. There Was Sufficient Service of Process.

Under 11 U.S.C. §541(a)(1), property of the estate includes causes of action belonging to the debtor that accrued prior to the filing of the bankruptcy petition. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705, 707 (9th Cir.1986); *Seward v. Devine,* 888 F.2d 957, 963 (2d Cir.1989). This remains true despite a debtor's failure to schedule the claim in his petition. *In Re Drexel Burnham Lambert Group, Inc.,* 160 B.R. 508, 514 (S.D.N.Y.1993); 11 U.S.C. §§ 554(c) and (d). Property that is not scheduled may be abandoned by the trustee pursuant to the requirements of 11 U.S.C. §§ 554(a) or (b). Unscheduled property not abandoned

by the trustee pursuant §§ 554(a) or (b) remains part of the estate even when the bankruptcy case is closed. *Id.;* 11 U.S.C. § 554(d).

However, on April 12, 2012 the Trustee for the Plaintiff's bankruptcy abandoned all property, including the FDCPA claim. See WDNY Bankruptcy Petition #1-12-10519, Docket Item 12. Further, the issue is now moot. The Bankruptcy Estate has abandoned the claim and the Defendant has entered and appeared in this action by way of Answer to the Complaint. A defense of insufficient service of process is waived if it is not asserted by motion under Fed.R.Civ.P. 12 or in the party's responsive pleading. Fed.R.Civ.P. 12(h)(1); *Santos v. State Farm Fire & Cas. Co.,* 902 F.2d 1092, 1095 (2d Cir.1990). The Defendant has failed to raise the defense or file the motion prior to filing its answer and cannot at this point raise the argument.

**CONCLUSION**

In taking Plaintiff's well plead allegations in his complaint the court must accept the following as true:

1. Plaintiff is a consumer.
2. Defendant is a debt collector.
3. The debt at issue in the underlying case was a consumer debt.
4. The summons communicated a threat of legal action that could not be taken.

In making such a finding and for the reasons stated above the Court should not dismiss the Plaintiff's Complaint and the matter should proceed on its merits.

Respectfully submitted,

By: /s/ Bruce K. Warren
Bruce K Warren, Esq.
Warren Law Group, P.C.
58 Euclid Street
Woodbury, NJ 08096
856-848-4572
856-324-9081(fax)
bruce@warren-lawfirm.com

August 3, 2012