UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JONATHAN BROUGHMAN,

                              Plaintiff,                  **DECISION AND ORDER**
     v.                                                     12-CV-131S

CHIARI & ILECKI, LLP,

                              Defendant.

_____

## I. INTRODUCTION

Plaintiff Jonathan Broughman commenced this action on February 13, 2012, alleging that Defendant Chiari & Ilecki violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), when, in attempting to collect a debt, it threatened to take action that cannot legally be taken.

Now before the Court is Defendant's Motion for Judgment on the Pleadings. The motion is fully briefed and the Court has determined that oral argument is unnecessary. For the reasons set forth below, Defendant's motion is granted and this case is dismissed.

## II. BACKGROUND

**A.    Facts**

Defendant is a law firm located in Buffalo, New York. On or about February 9, 2011, Defendant, on behalf of a client, filed a summons and complaint in New York State Supreme Court, County of Erie, naming Plaintiff as the defendant in an action based on a consumer credit transaction. The summons, served on Plaintiff on or about February 16,

2011, states it "is an attempt to collect a debt by a debt collector." Compl. Ex. A. The debt in question involves the sum of $9,006.57 allegedly owed to WSG Fox Valley IV, LLC a/k/a The Fox Valley Club. Compl. Ex. B.

At issue in this action is the summons's warning that: "If you do not respond to the attached Complaint within the applicable time limitation stated above a Judgment will be entered against you, by default, for the relief demanded in the Complaint, *without further notice to you*." Compl. Ex. A (emphasis added). According to Plaintiff, this statement is contrary to New York Civil Practice Law and Rules 3215(g)(3)'s requirement that, in actions based upon nonpayment of a contractual obligation, "an affidavit shall be submitted that *additional notice* has been given . . . before the entry of such judgment."

**B.    The Claims**

Plaintiff now maintains that, because Defendant could not, in fact, obtain a judgment against him in the state court suit without giving "further notice," the threat to do so violated the FDCPA. He specifically asserts that Defendant violated sections 1692e, 1692e(5), 1692e(10) and 1692f of Title 15 of the United States Code, and seeks statutory damages for the alleged violations, which he claims caused him to become "annoyed, irritated, anxious and upset." Compl. ¶ 21.

Defendant moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the language of the summons does not violate the FDCPA and, in any event, does not constitute a "material" violation of the Act.

2

### III. ANALYSIS

**A.    Standard of Review**

In determining whether judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is warranted, courts employ the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011); Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**B.    Sections 1692e, 1692e(5), and 1692e(10)**

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt." Subsection 1692e(5), the fifth of sixteen examples of conduct that would constitute a violation, prohibits "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." The tenth example, subsection 1692e(10), prohibits the use of a false representation to "collect or attempt to collect any debt . . . ."

To determine whether a violation under Section 1692e has occurred, this Circuit employs a "least sophisticated consumer" test. Clomon v. Jackson, 988 F.2d. 1314, 1318 (2d Cir. 1993)  The basic purpose of this objective standard is to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd" from abusive practices by debt collectors. Id. The unsophisticated consumer "may be uninformed, naive, [and] trusting, but . . . has rudimentary knowledge of the financial world and is capable of making basic logical deductions and inferences." Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 645 (7th Cir. 2009) (internal citations and quotation marks omitted). Numerous district and circuit courts also have held that a statement must be *materially* false or misleading to violate Section 1692e. *See, e.g.*, Lane v. Fein, Such and Crane, LLP, 767 F. Supp. 2d 382, 389 (E.D.N.Y. 2011); Hasbrouck v. Arrow Fin. Servs. LLC, 2011 U.S. Dist. LEXIS 53928, at *11 (N.D.N.Y. May 19, 2011); Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757 (7th Cir. 2009) ("A statement cannot mislead unless it is material;" purpose of FDCPA is not furthered by creating liability as to immaterial information); Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (same); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) (same). Thus, to state a claim for relief, a statement that is technically false must also be one that would confuse or mislead the unsophisticated consumer in some material way.

Section 3215(g)(3) of the CPLR provides in its entirety that:

(i) When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend "personal and confidential" and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt. In the event such mailing is returned as undeliverable by the post office before the entry of a default judgment, or if the place of residence of the defendant is unknown, a copy of the summons shall then be mailed in the same manner to the defendant at the defendant's place of employment if known; if neither the place of residence nor the place of employment of the defendant is known, then the mailing shall be to the defendant at his last known residence.

(ii) The additional notice may be mailed simultaneously with or after service of the summons on the defendant. An affidavit of mailing pursuant to this paragraph shall be executed by the person mailing the notice and shall be filed with the judgment. Where there has been compliance with the requirements of this paragraph, failure of the defendant to receive the additional notice shall not preclude the entry of default judgment.

(iii) This requirement shall not apply to cases in the small claims part of any court, or to any summary proceeding to recover possession of real property, or to actions affecting title to real property, except residential mortgage foreclosure actions.

Defendant maintains that the contested statement is not false, deceptive, misleading, or unfair because: (1) a default judgment can and will be entered against a debtor who fails to respond to a lawsuit; (2) a default judgment can be entered even if the debtor never actually receives the additional notice that is sent to him; (3) because the additional notice may be mailed simultaneously with service, it is possible that the debtor may receive the "further notice" at the same time or even before he receives the summons and complaint; and, in any event, (4) the debtor does not actually receive "further notice" because all that is required is that he be sent another copy of the summons—the very

same "notice" with which he was served.

The upshot of Defendant's argument is that, in certain circumstances, a default may be entered where the debtor receives the "additional notice" first, or not at all. The Court does not disagree that such situations may arise, but Defendant's reasoning does not render the contested statement universally true. The contested language clearly suggests that Defendant, on behalf of WSG Fox Valley, would be entitled to a judgment based on Plaintiff's nonappearance without doing anything beyond serving the summons and complaint. But something more is statutorily required. Based on the plain language of CPLR § 3215, a default judgment should not be entered unless and until the plaintiff sends the requisite "additional notice," confirms by way of affidavit that it has done so, and at least 20 days have passed since that notice was given. As such, I find the contested statement is technically false. Ledesma v. Good Luck Realty Corp., 2012 N.Y. Misc. LEXIS 661, at *4, 2012 N.Y. Slip Op. 30360U (New York Cnty Feb. 15, 2012) (request for entry of default denied where, *inter alia*, party seeking default did not comply with additional notice requirements of CPLR § 3215(g)(3)); American Home Mtge. Servicing, Inc. v. Kanwal, 2011 N.Y. Misc. LEXIS 5727, at *12, 2011 N.Y. Slip Op. 33135U (Suffolk Cnty Nov. 21, 2011) (reminding plaintiff that proper proof of compliance with § 3215(g)(3) is required upon application for judgment); 342 Madison Ave. Assocs. v. Suzuki Assocs., 722 N.Y.S.2d 729, 731 (New York Cnty 2001) (purpose of § 3215(g) is to give defaulting defendant additional notice of the action before judgment can be entered).

The question, then, is whether this technical falsity is material. "Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt." Hasbrouck, 2011 U.S. Dist. LEXIS 53928, at *11

(citing O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 942 (7th Cir. 2011)). There is no plausible basis upon which to conclude that either of these consequences are engendered by giving notice to a debtor that his failure to respond to a lawsuit within the time prescribed by law will result in a judgment being taken against him by default. This is so regardless of whether the notice accurately reflects the procedural requirements a plaintiff must meet to eventually secure the judgment.

In opposition to Defendant's motion, Plaintiff concludes that "the statement would mislead the unsophisticated consumer," (Docket No. 14-1 at 9), but he does not allege that he was misled by the statement, nor does make any attempt to explain how it would either coerce an unsophisticated consumer to act against his interest or lull him into inactivity to his detriment. The most that can be assumed is that the statement would inform even the least sophisticated consumer that he has a specified time in which to act, and prompt him to consult with an attorney, answer the complaint *pro se*, or take some other action to protect his interests.

That is precisely what happened here. Plaintiff was served with the summons and complaint on February 13, 2012. On February 25, 2012—well before expiration of the 20 or 30 day deadline to answer the complaint—Plaintiff, through an attorney, filed a voluntary Chapter 7 bankruptcy petition in the Western District of New York. Case No. 12-BK-10519. Seventeen days after being served, acting through a different attorney, Plaintiff commenced this FDCPA action. The bankruptcy petition lists WSG Fox Valley as an unsecured, nonpriority creditor for a debt of $9,500.00, and this action against Defendant as an asset. Id. Docket No. 1 at 11, 21.

Because there is no plausible basis to conclude that the technically false statement

to which Plaintiff objects would influence an unsophisticated consumer to pay a debt he otherwise would not pay or impair his ability to challenge the debt, the contested language is not material, and does not violate sections 1692e, 1692e(5), or 1692e(10) of the FDCPA. *See* Bunting v Phillips Lytle LLP, 2011 U.S. Dist. LEXIS 67215, at *13-15 (N.D.N.Y. June 23, 2011) (finding that discrepancy between time period defendant law firm stated in summons, complaint, and FDCPA notice and time period stated in CPLR was not material).

**C.    Section 1692f**

This section of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[,]" and it goes on to list eight examples which are not meant to be limiting. None of the conduct pled here falls within any enumerated example, nor has Plaintiff alleged facts that would support a conclusion that the contested phrase was "unfair" or "unconscionable" within the meaning of the statute. Moreover, in light of the conclusion that the contested language is not material, Plaintiff necessarily fails to state a claim under this provision as well.

### IV.  CONCLUSION

Defendant's motion is granted in its entirety on the ground that the challenged statement does not meet the materiality requirement and so does not state an actionable claim for relief. In light of this holding, Defendant's further arguments for dismissal need not be addressed.

### V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion for Judgment on the Pleadings

[Docket No. 11] is GRANTED in its entirety;

FURTHER that the Clerk of Court shall take all steps necessary to close this case.

SO ORDERED

Dated:	November 16, 2012
	Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court
